# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

SUSAN LIMBACH,
        Plaintiff,

v.                                                                    Case No. 15-C-1531

WEIL PUMP COMPANY, INC.,
        Defendant.

---

## DECISION AND ORDER

The plaintiff, Susan Limbach, brings this action against her former employer, Weil Pump Company, Inc., under the Employee Retirement Income Security Act of 1974 ("ERISA"). Before me now is Weil's motion to dismiss portions of the plaintiff's second amended complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Also in this order, I discuss an issue relating to federal subject-matter jurisdiction that the parties have not raised.

## I. BACKGROUND

The following facts are based on the allegations of the second amended complaint, which I accept as true for purposes of this motion. I will refer to the second amended complaint as simply "the complaint."

Between March 10, 1997, and January 4, 2012, Weil employed the plaintiff as a data entry clerk. The plaintiff ended her employment at Weil when a disability left her physically unable to perform her duties. At the time that Weil became disabled, Weil maintained a long-term disability insurance policy for its employees issued by Lincoln National Life Insurance Company. This disability policy qualified as an employee

welfare benefit plan under ERISA. Weil was the "administrator" of this plan for purposes of ERISA. Compl. ¶ 3.

On January 16, 2012, the plaintiff "notified Weil that her physician determined she was totally disabled and unable to perform her work duties as of January 4, 2012." Compl. ¶ 9. The plaintiff then "inquir[ed] about possible insurance coverage for her disability." *Id.* In response to her inquiry, the plaintiff "was told by Christine Barthel of Weil's human resources department that she, Barthel, would report plaintiff's disability to Lincoln, Weil's insurer, advised plaintiff she would be contacted by Lincoln, and that plaintiff should address all further questions to Lincoln." *Id.*

On August 27, 2013, Lincoln denied the plaintiff's disability claim. Compl. ¶ 12.[1] The plaintiff administratively appealed the denial, but on January 17, 2014, Lincoln denied her appeal. The plaintiff then filed a second appeal, but Lincoln denied this appeal on March 27, 2015.

On December 1, 2015, the plaintiff, through her attorney, made a written request to Weil for the "summary plan description" or "SPD" relating to Weil's disability plan. A summary plan description is a written summary of the provisions of an employee benefit plan. *See Employee Benefits Law* 4-5 (Jeffrey Lewis et al. eds 3d ed. 2012). It must be written in a manner calculated to be understood by the average plan participant, and be sufficiently accurate and comprehensive to reasonably apprise participants and beneficiaries of their rights and obligations under the plan. *Id.* ERISA and its

---

[1] The complaint alleges that Weil denied the claim, Compl. ¶ 12, but I infer from the plaintiff's later allegation that Lincoln denied her appeals that she meant to allege that it was Lincoln who initially denied the claim. In any event, whether Weil rather than Lincoln initially denied the claim is irrelevant for present purposes.

associated regulations require that any summary plan description include certain specified information, including the name of the plan, the name and contact information for the plan administrator, and a statement of the participant's rights under ERISA. *Id.* at 4-6 to 4-8.

Under ERISA, Weil, as the plan administrator, was required to respond to the plaintiff's attorney's request for a summary plan description by mailing a copy to the plaintiff's last known address within 30 days after the request was made. *See* 29 U.S.C. §§ 1024(b)(4); 1132(c)(1)(B). However, Weil had never created a summary plan description for its disability plan, and therefore once it received the plaintiff's request, it had to create one. Compl. ¶ 17. Weil did not furnish this newly created plan description to the plaintiff until February 24, 2016, which was 86 days after the plaintiff made her written request through counsel. Therefore, claims the plaintiff, Weil is liable to her for statutory penalties of $110 per day from the date on which Weil should have provided her with the summary plan description. *See* 29 U.S.C. § 1132(c)(1)(B); 29 C.F.R. § 2575.502c-1.

Weil has not moved to dismiss the plaintiff's claim for penalties relating to its failure to supply her with a summary plan description within thirty days of her attorney's written request made on December 1, 2015. However, in addition to seeking penalties for this failure, the plaintiff also seeks penalties for Weil's failure to supply her with a summary plan description within 30 days of the inquiry she made on January 16, 2012, about possible insurance coverage for her disability. According to the plaintiff, her inquiry on that date was an "implied request for an SPD" that triggered Weil's duty to provide her with a summary plan description within 30 days. Compl. ¶ 10. She thus

3

seeks to recover the statutory penalty of $110 per day starting from February 15, 2012, and running until she finally received a summary plan description on February 24, 2016. *Id.* ¶ 11. Weil moves to dismiss the plaintiff's claim insofar as she seeks statutory penalties based on its failure to provide her with a summary plan description in response to her alleged implied request, i.e., for the period of February 15, 2012 to December 30, 2015.

Under ERISA, in addition to providing summary plan descriptions to plan participants upon request, plan administrators must automatically provide participants with summary plan descriptions on certain occasions. *See* 29 U.S.C. § 1024(b)(1). For example, an administrator must provide a summary plan description to a participant within 90 days after he or she becomes a participant. *Id.* § 1024(b)(1)(A). The plaintiff alleges that Weil did not fulfill its duty to automatically provide her with summary plan descriptions during the time in which she was a participant. Compl. ¶¶ 5–8. Specifically, she alleges that Weil should have automatically provided her with a summary plan description on June 1, 2002, and again on June 1, 2012. The plaintiff alleges that Weil's failure to automatically provide her with summary plan descriptions caused it to breach its fiduciary duty to her, *see* 29 U.S.C. § 1104, and renders it liable for equitable relief under 29 U.S.C. § 1132(a)(3). The equitable relief that the plaintiff seeks is equitable estoppel and disgorgement of any financial benefit that Weil obtained as a result of its breach of duty. Weil moves to dismiss the plaintiff's claims for breach of fiduciary duty.

## II. DISCUSSION

**A.      Jurisdiction**

Before I address Weil's arguments for dismissing the plaintiff's claims on the merits, I address an issue concerning federal subject-matter jurisdiction. The parties have not raised this issue, but federal courts have an independent obligation to police their own jurisdiction. *See, e.g., Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006). The issue is whether the plaintiff has standing to sue for the violations of law she alleges. The jurisdiction of federal courts is limited to "Cases" and "Controversies" as described in Article III, Section 2 of the Constitution. *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 587–88 (7th Cir. 2016). There is no case or controversy if the plaintiff lacks standing to challenge the defendant's alleged misconduct. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In order to have standing, the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.* at 560–61.

Here, my concern involves the injury-in-fact requirement. An injury in fact occurs when the plaintiff experiences an invasion of a legally protected interest that is (a) "concrete and particularized," and (b) actual or imminent, not "conjectural" or "hypothetical." *Lujan*, 504 U.S. at 560. Recently, in *Spokeo, Inc. v. Robins*, the Court emphasized that "concrete" and "particularized" are distinct requirements. __ U.S. __, 136 S. Ct. 1540, 1545 (2016). Moreover, the Court stated that a "bare procedural violation, divorced from any concrete harm" does not satisfy the injury-in-fact requirement. *Id.* at 1549. That is, where a defendant commits a technical violation of a

statutory provision that causes the plaintiff no harm, the plaintiff has not suffered a concrete injury, even if the statutory violation would entitle the plaintiff to recover statutory damages. *Id.* at 1550.

In the present case, my concern is whether the plaintiff has alleged that she suffered a "concrete" injury as a result of Weil's failure to provide her with summary plan descriptions, or whether she alleges merely bare procedural violations of ERISA. As far as the complaint reveals, Weil's failures to provide the plaintiff with summary plan descriptions as required by ERISA did not cause her any harm apart from the failure to receive information about the plan. The plaintiff does not, for example, allege that the failure to provide her with summary plan descriptions prevented her from obtaining benefits under the plan or otherwise prejudiced her claim for benefits. To the contrary, the plaintiff alleges that she made a claim under the plan. Compl. ¶¶ 12–16. Although the plaintiff also alleges that her claim was denied, she does not allege that the denial had anything to do with Weil's failures to provide her with plan descriptions as required by ERISA.

Nonetheless, Weil's failure to provide the plaintiff with a summary plan description might itself qualify as a concrete injury, even if it did not lead to further harm. That is because "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at 1549. In *Spokeo*, the Court cited two cases involving a plaintiff's failure to obtain information, which in turn held that the plaintiffs' informational injuries were sufficient to confer standing to sue. *Id.* at 1549–50. In the first of these cases, *Public Citizen v. Department of Justice*, 491 U.S. 440 (1989), the plaintiff requested information that the

6

government was required to disclose under the Federal Advisory Committee Act. One of the defendants argued that the plaintiff did not suffer an injury sufficient to confer standing. *Id.* at 448–49. The Supreme Court rejected this argument, noting that the plaintiff had "specifically requested, and been refused" information to which it was entitled under the statute. *Id.* at 449. The Court noted that its cases "have never suggested that those requesting information [under a statute] need show more than that they sought and were denied specific agency records." *Id.* The second case, *Federal Election Commission v. Akins*, 524 U.S. 11 (1998), also involved a plaintiff's request for information under a federal statute. As in *Public Citizen*, the Court in *Akins* held that the plaintiff's inability to obtain information that the statute required the defendant to make public qualified as an injury in fact. *Id.* at 21.

Because the inability to obtain information is itself an injury in fact, I am satisfied that Weil's failure to provide the plaintiff with a summary plan description within 30 days of her attorney's specific request for that information caused the plaintiff a concrete injury. As in *Public Citizen* and *Akins*, here the plaintiff specifically requested but was denied information to which she was entitled under ERISA, namely, the information required to be contained in a summary plan description. Thus, the plaintiff has standing to pursue statutory damages for Weil's failure to respond to her attorney's written request for a summary plan description within 30 days.

The plaintiff's claim based on Weil's failure to provide her with a summary plan description within 30 days of her January 16, 2012 inquiry, along with her claim that Weil breached its fiduciary duty to her by failing to automatically provide her with summary plan descriptions in June 2002 and June 2012, present closer questions.

7

These claims do not allege that the plaintiff "specifically requested" information that Weil then failed to provide. They are thus not entirely analogous to the claims at issue in *Akins* and *Public Citizen*. However, the complaint alleges that, had Weil not failed to make the automatic disclosures of plan information required under 29 U.S.C. § 1024(b), the plaintiff would have made an explicit written request for a summary plan description as part of her inquiry on January 16, 2012. Compl. ¶ 26. This allegation reasonably implies that the plaintiff would have found the information contained in the summary plan description valuable to her, had she received it within 30 days of her inquiry about possible insurance coverage for her disability. Assuming, then, that ERISA required Weil to furnish the plaintiff with a summary plan description within 30 days of her "implied request" on January 16, 2012, the plaintiff has alleged that she suffered a concrete injury when she did not receive the plan description within that time. The concrete injury was failing to obtain information that she would have found valuable or useful to her at that time.

For similar reasons, the plaintiff sufficiently alleges that Weil's failure to make automatic disclosures to her caused her concrete injuries. Again, the allegations of the complaint imply that the plaintiff would have found the information contained in the automatic disclosures valuable or useful, had Weil made the disclosures. Compl. ¶ 26. The plaintiff's not receiving the information at the prescribed times thus qualifies as a concrete informational injury.

In sum, I conclude that the plaintiff has standing to pursue all of her claims. I thus turn to the merits and address Weil's motion to dismiss the plaintiff's claim based on her "implied" request and her claims for breach of fiduciary duty.

8

## B. Failure to Provide Summary plan Description in Response to "Implied Request"

Under ERISA's civil-enforcement provision, a plan participant may bring a civil action against a plan administrator for, among other things, statutory penalties. 29 U.S.C. §§ 1132(a)(1)(A); 1132(c)(1). The provision of ERISA that authorizes the statutory penalties sought by the plaintiff provides in relevant part as follows:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1)(B). The Secretary of Labor, through exercise of its regulatory authority, has increased the maximum penalty under this provision to $110 per day. 29 C.F.R. § 2575.502c-1. The question presented by Weil's motion to dismiss is whether the plaintiff adequately alleges that, on January 16, 2012, she made "a request for any information which [Weil was] required by this subchapter to furnish to a participant or beneficiary" that in turn required Weil to mail a summary plan description to the plaintiff's last known address within 30 days.[2]

The parties agree that a summary plan description qualifies as "information which [Weil] was required by this subchapter to furnish to a participant or beneficiary." As discussed above, ERISA requires a plan administrator to automatically provide

---

[2] Weil also moves to dismiss this part of the plaintiff's complaint on the ground that it is barred by the statute of limitations. However, I do not address this ground for dismissing the claim.

9

summary plan descriptions to participants on certain occasions, and in addition it provides that an administrator, "upon written request of any participant or beneficiary," must furnish a copy of the "latest updated summary plan description" to the participant or beneficiary. 29 U.S.C. § 1024(b). The disputed issue is whether the plaintiff alleges that she made a sufficient "request" for a summary plan description on January 16, 2012.

The plaintiff's complaint alleges the following with respect to her communications with Weil on January 16, 2012. On that date, the plaintiff "notified Weil that her physician determined she was totally disabled and unable to perform her work duties as of January 4, 2012." Compl. ¶ 9. The plaintiff then "inquir[ed] about possible insurance coverage for her disability." *Id.* In response to this inquiry, "Christine Barthel of Weil's human resources department" told the plaintiff that "she, Barthel, would report plaintiff's disability to Lincoln." *Id.* Barthel also told the plaintiff that "she would be contacted by Lincoln, and that plaintiff should address all further questions to Lincoln." *Id.*

An initial issue is whether the plaintiff's claim should be dismissed because she does not allege that she made her inquiry about insurance coverage in writing. (The plaintiff has not asked to amend her complaint to clarify that she made her inquiry in writing, and she does not dispute that her inquiry was oral rather than written.) Weil argues that the claim must be dismissed because the only provision of ERISA that requires an administrator to respond to a participant's request for a summary plan description states that the administrator must do so only "upon written request" of the participant or beneficiary. 29 U.S.C. § 1024(b)(4). However, § 1132(c)(1)(B) does not itself state that penalties may be awarded only if the administrator fails to comply with a

written request for information. Rather, it states that penalties may be awarded for the administrator's failure to comply "with a request for any information which [the administrator] is required by this subchapter to furnish to a participant or beneficiary." The plaintiff argues that, because ERISA requires an administrator to automatically furnish summary plan descriptions to participants on certain occasions, a participant's oral request for a summary plan description qualifies as "a request for any information which [the administrator] is required by this subchapter to furnish to a participant or beneficiary." The Ninth Circuit has accepted this argument. *See Crotty v. Cook*, 121 F.3d 541, 547–48 (9th Cir. 1997) ("The logical reading of [§§ 1024(b)(4) and 1132(c)], taken together, is that if the participant requests something he was entitled to receive automatically, without any request, then the civil enforcement penalty provision applies without regard to whether the request was in writing."). Weil argues that the Ninth Circuit's decision is *Crotty* rests on an incorrect reading of the statutory provisions and urges me to reject that interpretation. However, I do not need to resolve this question of statutory interpretation because, as explained below, even if an oral request for a summary plan description triggers an administrator's duty to respond under § 1132(c)(1)(B), in the present case the plaintiff has not alleged that she made an oral request for a summary plan description on January 16, 2012.

The plaintiff concedes that she did not specifically request a summary plan description when she spoke to Weil's human-resources department. However, she contends that no reasonable administrator could construe her inquiry about possible insurance coverage for her disability as seeking anything other than the very information that a summary plan description is required to contain. I agree that the plaintiff's inquiry

11

about disability insurance could have been answered by furnishing her with a summary plan description, as the summary plan description must contain information such as the name of the plan, contact information for the insurer of the plan, and the plan's requirements for eligibility and benefits. *See* 29 U.S.C. § 1022. However, although the plaintiff made an inquiry that could have been answered by furnishing her with the summary plan description, it does not follow that the plaintiff made a request for the summary plan description itself. That is because asking a question that could be answered by reading the summary plan description is not same as requesting a copy of the summary plan description. A participant who asks a question of a plan administrator either over the phone or in person may be looking for nothing more than a quick oral response to a question. Asking such a question does not imply that the participant also wants the administrator to mail a written document to him or her within 30 days. Here, the allegations of the complaint do not suggest that the plaintiff said anything to Weil's human-resources department indicating that she wanted Weil to respond to her inquiry in writing. Rather, it appears that the plaintiff wanted Weil to provide her with some guidance about making a claim under the company's disability plan, which Weil then did. Thus, the plaintiff's inquiry was not a "request" for a summary plan description that triggered Weil's duty to mail her that document within 30 days.

The plaintiff seems to be arguing that § 1132(c)(1)(B) should be interpreted to require a plan administrator to mail a summary plan description to a participant whenever the participant asks the plan administrator a question that could be answered by the summary plan description, whether or not the participant makes clear that she would like a copy of the summary plan description or some other written response to her

12

inquiry. However, § 1132(c)(1)(B) does not require an administrator to do this. Rather, it states that an administrator must mail information to the participant only when the participant requests information in the form of "material." 29 U.S.C. § 1132(c)(1)(B) (stating that administrator must comply with request for information by mailing the "material requested" within 30 days). Moreover, adopting the plaintiff's interpretation of § 1132(c)(1)(B) would lead to an unreasonable result: because nearly any request for information about a plan could be answered by furnishing the participant with the summary plan description, the plaintiff's interpretation would require a plan administrator to mail a copy of the plan description to a participant whenever the participant asks a question about the plan, even if the participant would be satisfied with an oral answer to his or her question. This, in turn, would needlessly increase administration costs for the plan. I also note that, as a penalty provision, § 1132(c) must be strictly construed. *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1077 (5th Cir. 1990) (citing *Ivan Allen Co. v. United States*, 422 U.S. 617, 626–27 (1975)). For this reason, and because § 1132(c)(1)(B) does not clearly require a plan administrator to mail a summary plan description to a participant simply because that participant asks a question that could be answered by reading the summary plan description, § 1132(c)(1)(B) should not be construed to contain such a requirement.

The plaintiff cites *Anderson v. Flexel, Inc.*, which holds that an administrator cannot refuse to respond to a participant's request for documents simply because the participant does not ask for the documents by name but instead describes the information sought in enough detail such that the administrator "knew or should have known which documents were being requested." 47 F.3d 243, 250 (7th Cir. 1995). Had

13

the plaintiff made a request to Weil indicating that she was seeking documents rather than simply an oral response to her inquiry, then this principle from *Anderson* would be relevant. For example, had the plaintiff asked Weil for "documents explaining my rights to insurance coverage for my disability," then Weil would have been required to mail her a summary plan description within 30 days. But again, nothing in the complaint suggests that Weil should have understood the plaintiff to be requesting documents rather than an oral response.

The approach I have adopted should not be thought to require that a participant use the word "document" in her request or otherwise explicitly state that she would like a written response to her inquiry. But it must at least be clear from the request and the surrounding circumstances that the participant would like to receive documents rather than have a question answered orally. And again, from what the plaintiff has alleged in her complaint, Weil could not reasonably have understood the plaintiff to be requesting a written response to her inquiry.

For these reasons, I conclude that the plaintiff has not alleged that she made a request for a summary plan description on January 16, 2012.

## C. Breach of Fiduciary Duty

The plaintiff also brings claims for breach of fiduciary duty against Weil based on its failure to automatically furnish summary plan descriptions to plan participants. The plaintiff alleges that because Weil breached its fiduciary duty in this regard, it is equitably estopped from denying that it is liable to her for statutory penalties calculated from January 16, 2012, the date of her alleged "implied request" for a summary plan description. The plaintiff also alleges that Weil's breach of fiduciary duty entitles her to

an order requiring Weil to disgorge any financial benefit it obtained as a result of its failure to automatically furnish participants with summary plan descriptions. Weil moves to dismiss these claims.[3]

### 1. Equitable estoppel as remedy for breach of fiduciary duty

The plaintiff's argument for equitable estoppel is somewhat convoluted. It begins with the premise that Weil breached its fiduciary duty to the plaintiff and all other participants in Weil's disability plan when it failed to automatically provide them with summary plan descriptions in June 2002, which was 120 days of the plan's effective date, as required by 29 U.S.C. § 1024(b)(1)(B). The plaintiff alleges that if Weil would have fulfilled its fiduciary duty to the plan participants by automatically providing them with summary plan descriptions that complied with ERISA's requirements in June 2002, then she would have made an express written request for a summary plan description on January 16, 2012. The plaintiff alleges that she would have made such an express written request because ERISA requires summary plan descriptions to include a statement of the participant's rights under ERISA, including the right to be furnished with a summary plan description upon written request. *See* 29 U.S.C. § 1024(c); 29 C.F.R. 2520.102-3(t). In other words, the plaintiff argues that had she received a summary plan description automatically in 2002, and had that summary plan description included the required statement of ERISA rights, then she would have known in 2012 that she had a right to make a written request for an updated summary plan description and she

---

[3] In addition to the grounds discussed below, Weil moves to dismiss the plaintiff's claims for breach of fiduciary duty on the ground that they are barred by the statute of limitations. Because I dismiss these claims on other grounds, I will not discuss the statute of limitations.

15

would have at that time made such a written request. *See* Compl. ¶ 26. The plaintiff argues that, as a remedy for Weil's failure to provide her with a summary plan description automatically, which in turn caused her to fail to make an express written request for an updated summary plan description in 2012, Weil should be equitably estopped from arguing that it is not liable for statutory penalties under § 1132(c)(1)(B) because she did not make a clear request for a summary plan description on January 16, 2012.[4]

For purposes of addressing this argument, I will assume that Weil's failure to automatically furnish summary plan descriptions to its plan participants as required by 29 U.S.C. § 1024(b)(1) was a breach of fiduciary duty. I will also assume that equitable estoppel could in some circumstances constitute a proper remedy for an administrator's breach of its fiduciary duty to make automatic disclosures to participants. For example, if an administrator fails to automatically furnish a statement of rights under § 1024(c) and its implementing regulations, and then the participant makes a clear oral request for plan documents, the administrator might be estopped from defending against a claim for penalties based on the participant's failure to submit the request in writing, since the statement of rights would have informed the participant that her request had to be in writing.

The problem for the plaintiff is that, in this case, the plaintiff did not make *any* request for a summary plan description, either orally or in writing. Because the plaintiff

---

[4] The plaintiff also argues that Weil's breach of fiduciary duty estops it from defending against her claim for penalties on the ground that she did not make a request in writing. However, because I have not dismissed her claim for penalties on the ground that her request was oral rather than written, I will not decide whether Weil could be estopped from asserting this defense.

did not make a request for a summary plan description, Weil cannot be liable for penalties for failing to respond to any such request, since both the making of a request and a failure or refusal by the administrator to provide the requested material are elements of any claim for statutory penalties.  *See Kleinhans v. Lisle Sav. Profit Sharing Trust*, 810 F.2d 618, 622 (7th Cir. 1987) (stating that, as prerequisite to obtaining statutory penalties under § 1132(c)(1)(B), "the participant must establish . . . that the participant requested and the administrator failed or refused to provide the information requested").

It is true that the plaintiff alleges that had Weil not breached its fiduciary duty to provide her with a statement of her rights under ERISA, she would have made a specific request for a summary plan description on January 16, 2012.  But the fact remains that she did not make any such request.  If the plaintiff's failure to make a specific request for a summary plan description caused her some other harm, such as the denial of her claim for benefits under the plan, then perhaps she would be entitled to a remedy for that harm.  But the purpose of awarding statutory penalties under § 1132(c)(1)(B) is to deter plan administrators from failing to respond to a participant's request for plan information.  *See Leister v. Dovetail, Inc.*, 546 F.3d 875, 883 (7th Cir. 2008).  The purpose is not to compensate the plaintiff for any harm that may have been caused by the administrator's breach of its fiduciary duty to automatically provide the plaintiff with other plan information.  *Cf. Mondry v. Am. Fam. Mut. Ins. Co.*, 557 F.3d 781, 806 (7th Cir. 2009) ("the purpose of those penalties is to induce the plan administrator to comply with the statutory mandate rather than to compensate the plan participant for any injury she suffered as a result of non-compliance").  Here, the plaintiff did not make a request

for a summary plan description on January 16, 2012, and therefore Weil cannot be penalized for failing to mail her a summary plan description within 30 days of that date. Principles of equity and estoppel do not change this result. Accordingly, I reject the plaintiff's attempt to invoke equitable estoppel as a remedy for Weil's breach of fiduciary duty.

### 2. Disgorgement as remedy for breach of fiduciary duty

The plaintiff's argument for disgorgement also begins with the premise that Weil breached its fiduciary duty to the plaintiff and all other participants in Weil's disability plan when it failed to automatically provide them with summary plan descriptions as required by 29 U.S.C. § 1024(b)(1)(B). The plaintiff then alleges that she is entitled to an order requiring Weil to disgorge any financial benefit it obtained as a result of not automatically furnishing summary plan descriptions to plan participants. The plaintiff's disgorgement theory is based on unjust enrichment: "A trustee (or a fiduciary) who gains a benefit by breaching his or her duty must return that benefit to the beneficiary." *Skinner v. Northrop Grumman Ret. Benefit Plan B*, 673 F.3d 1162, 1167 (9th Cir. 2012).

Although the plaintiff does not allege in her complaint that Weil actually obtained any benefit as a result of its failure to automatically furnish summary plan descriptions as required by § 1024(b)(1)(B), in her brief she contends that "Weil saved money by delaying the creation of a [summary plan description] for 14 years, and failing to make the multiple [summary plan description] distributions it was required to provide participants over that 14 year period." Br. at 27. However, the cost of preparing and distributing summary plan descriptions would be expenses associated with administering the plan, and therefore would be charged against the plan's assets. *See*

*ERISA: A Comprehensive Guide* § 6.10[H][1] (Paul J. Schneider & Brian M. Pinheiro eds., 4th ed. Supp. 2016). Because Weil would not have borne these costs had it complied with its fiduciary duty to prepare and distribute the summary plan description, *id.* ("an employer need not bear the lawyer's fee for writing a plan summary"), the nonpayment of those costs was not a financial benefit to Weil.

Because the plaintiff has not alleged facts suggesting that Weil gained any benefit by breaching its fiduciary duty to prepare and automatically furnish the summary plan description to plan participants, her claim for disgorgement will be dismissed.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendant's motion to dismiss a portion of the second amended complaint is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 14th day of April, 2017.

s/ Lynn Adelman
LYNN ADELMAN
United States District Judge